**Elves Santana MORAES, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 08–72145.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 26, 2009.

Elves Santana Moraes, Las Vegas, NV, pro se.

David V. Bernal, Assistant Director, OIL, Lindsay Elizabeth Williams, U.S. De-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

partment of Justice, David Nicholas Harling, Trial, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

## MEMORANDUM **

Elves Santana Moraes, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Moraes admitted that his testimony at his asylum interview was inconsistent with his declaration concerning the actions of his claimed persecutors, and he did not persuasively explain the material inconsistencies. *See Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir.2007) (inconsistencies between testimony and documentary evidence support an adverse credibility finding where inconsistencies go to the heart of the claim). In the absence of credible testimony, Moraes failed to establish for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Moraes's CAT claim is based on the same testimony the IJ found to be not credible, and Moraes points to no other evidence the IJ should have considered, his CAT claim fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.